The PRESIDENT
delivered the opinion and decree of the court as follows: “If lord Fairfax had not originally invited settlers on his lands on the South Branch, by a-promise of making them titles, he was nevertheless bound, by his advertisement of the 5th of August 1749, to grant such titles to all persons then settled thereon. That Abel Westfall, being at that time settled on the land in dispute as a purchaser from Vanderpool, the original settler, was entitled to a grant thereof, from lord Fair-fax, on the usual terms of granting his lands; and Abel, dying so entitled, in possession of the land, in the year 1755, without making a will, or other disposition of it, his equitable interest therein, descended to Cornelius Westfall, his eldest son and heir at law; who not appearing to have done any act, to forfeit, or to shew that he abandoned his title, but on the contrary, *having entered on the land, within 20 years, (the time allowed by law for his entry if it had been a legal title, and he in the state,) he was entitled to the like grant from lord Fairfax, which his father might have claimed: But as it appears, that the settlers within the manor, generally agreed, to accept leases on the terms of lord Fairfax’s advertisement in 1770, and Cornelius himself, applied for such lease, and paid the annual rents accordingly,- which amounted to his consent, to wave the claim to an absolute title, that he ought to hold the land, under the heirs, or assigns of lord Fairfax, on the terms, and subject to the covenants contained in the lease.
*493 “That John Westfall, the younger, son of Abel, having no title in law or equity, to the land, no right could be derived to Thomas Singleton from him; and therefore, it is immaterial, whether their contract was for an absolute purchase, or for a term only.*
! ‘That lord Fairfax being bound in equity, to lease the land to Cornelius, at the time he executed the lease to John Singleton the appellee, the latter, ought to be considered in equity as a trustee for Cornelius, and those claiming under him, as to so much of the said land, as was within Abel West-fall’s settlement.
“The decree therefore must be reversed with costs, and it is decreed and ordered, that the appellee do, at the costs of the appellant, execute to him a proper deed, for assigning to him, his heirs and assigns, the said lease, made to him by lord Fairfax, and bearing date the 3d day of August 1773, with all the benefits, and subject to the covenants and conditions therein contained, on the part of the said Singleton. That the injunction granted by the said Court of Chancery, to stay the proceedings on the judgment at law, obtained by the appellee, against the appellant in the county court of Hampshire, stand and be perpetual. That the appellant be quieted in his possession of the said land, and that the parties bear their own costs in the said Court of Chancery: Liberty however, being reserved to the appellee, to state, and shew to the said Court of Chancery, that part of the land contained in the lease, was not included in Abel Westfall’s settlement, and to the said Court of Chancery, on that being made to appear, to vary the decree, so as to confine the assignment of the lease, the injunction, and quieting of possession in the plaintiffs, to the lands, to which Abel Westfall was entitled.”